## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| NIKKI L. B., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-01290-RLH |
| ) | |
| FRANK BISIGNANO, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

### ORDER

This matter is before the Court on Plaintiff's Motion for an Award of Attorneys' Fees Under 42 U.S.C. § 406(b). (Doc. 26). The Commissioner neither supports nor opposes the motion. (Doc. 28). Because Plaintiff's request is reasonable and otherwise complies with § 406(b), the motion is GRANTED.

#### BACKGROUND

Plaintiff applied for disability benefits under Title II of the Social Security Act in July 2019. (Doc. 16, at 3). Six months later, Plaintiff's application was denied. (Doc. 16 at 3). Plaintiff then sought review by an administrative law judge (the "ALJ"), who issued a decision in February 2021 affirming the denial. (Doc. 16 at 3). In response, Plaintiff filed a Complaint in this Court, (doc. 1), followed seven months later by a motion for summary judgment, (doc. 16).

Before that motion was resolved, however, the parties filed—and this Court granted—a joint motion to remand the case for further proceedings. (Docs. 19, 20).

Following entry of judgment, Plaintiff moved for attorneys' fees under the Equal Access to Justice Act ("EAJA"), (doc. 22), and was awarded $1,891.68 in fees, plus costs. (Doc. 25 at 1).

On remand, the ALJ issued a second unfavorable decision, which the Appeals Council reversed. (Doc. 27 at 2). In November 2024, the ALJ issued his final ruling, which awarded Plaintiff past-due benefits totaling $45,311.00. (Doc. 27-3 at 2–3). Plaintiff now moves for $11,327.75 in attorneys' fees under 42 U.S.C. § 406(b).

## **LEGAL STANDARD**

Section 406(b) "permits attorneys to recover fees for their work in federal court on behalf of Social Security claimants" when the proceedings terminate in the claimant's favor. *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024). In reviewing § 406(b) fee requests, courts must perform an "independent check" to ensure that the request is within the statutory maximum and reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Of course, the "reasonableness" of a fee request depends entirely on the circumstances of a particular case. *See id.* Foremost among those circumstances is whether the claimant-attorney relationship involves a contingency fee agreement. *See Arnold*, 106 F.4th at 601. When it does, the contingency award anchors the court's analysis. *Id.*

A court must therefore begin its analysis "with the contingency award as its polestar and consider whether that amount should be reduced" based on relevant circumstances, such as: (1) counsel's expertise and effort spent on the case, (2) the claimant's satisfaction with the representation, (3) whether counsel engaged in undue

delay, (4) the uncertainty of recovery, and (5) how the request compares to similar cases. *See id.*

## DISCUSSION

The Court starts with the contingency fee agreement between Plaintiff and her counsel, which provides that counsel will receive twenty-five percent of any past-due benefits recovered in the case. (Doc. 27-1 at 1). That fee does not exceed the statutory maximum. *See* 42 U.S.C. § 406(b)(1)(A) (limiting recoverable fees to twenty-five percent "of the total of the past-due benefits" the claimant receives). The sole question, therefore, is whether the circumstances of this case warrant reducing the contingency award. They do not.

The Record reflects that counsel diligently represented Plaintiff and obtained a favorable result. *See Gisbrecht*, 535 U.S. at 808 (explaining that reasonableness depends largely on "the results the representation achieved"). Indeed, after filing a complaint and a motion for summary judgment, Plaintiff's counsel secured a joint stipulation to remand. (Docs. 19, 20). After further administrative proceedings, the ALJ issued a decision awarding the Plaintiff past-due benefits. (Doc. 27 at 2).

Moreover, nothing in the Record suggests that Plaintiff is dissatisfied with her counsel's representation or that counsel delayed the proceedings. Although Counsel received two extensions of time to file an opening brief, "[s]uch a delay in briefing is neither unusual nor fairly described as undue." *Strong v. O'Malley*, No. 4:21-cv-54, 2024 WL 3935530, at *1 n.1 (N.D. Ind. Aug. 23, 2024).

3

Likewise, the contingent nature of the fee agreement—along with the fact that counsel is an experienced social security practitioner who achieved his client's desired result—renders the fee sought reasonable. As courts have explained, representing social security claimants on a contingent basis always "involves some risk, and recovery is uncertain until a final decision is rendered." *Id.* at *2.

Courts then ask whether the fee sought is consistent with those awarded in comparable cases. Plaintiff's fee request of $11,327.75 for 8.55 hours of work would result in an effective rate of $1,324.89 per hour. Although high, that rate is comparable to—if not below—rates that courts have approved in similar cases.[1]

Finally, when a court approves a fee request under § 406(b), counsel must refund any amount previously awarded under the EAJA. *See Gisbrecht*, 535 U.S. at 796. That is because § 406(b)(1)(A) forbids a lawyer from recovering more than twenty-five percent of the claimant's past-due benefits, even when the lawyer would otherwise be entitled to recover fees under a different statute. Here, Plaintiff's counsel correctly recognized that he must refund the $1,891.68 in EAJA fees previously awarded. (Doc. 27 at 7).

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's (doc. 26) Motion for an Award of Attorneys' Fees Under 42 U.S.C. § 406(b) is GRANTED. The Court further

---

[1] *See, e.g., Plummer v. O'Malley*, No. 1:23-cv-85, 2024 WL 4880436, at *2 (N.D. Ind. Nov. 22, 2024) (approving fee request under § 406(b) for an hourly rate of $3,227.48); *Wattles v. Comm'r of Soc. Sec.*, No. 2:10-cv-2108, 2012 WL 169967, at *1 (C.D. Ill. Jan. 18, 2012) ($3,125); *Polli v. Berryhill*, No. 17-cv-1102, 2019 WL 10248978 (N.D. Ill. Feb. 27, 2019) ($1,805.00); *Summer v. Kijakazi*, 2:20-cv-483 (N.D. Ind. July 18, 2023) ($1,850.00); *Narug v. Comm'r of Soc. Sec.*, No. 2:19-cv-490, 2022 WL 3714743 (N.D. Ind. Aug. 29, 2022) ($2,450.60).

ORDERS Plaintiff's counsel to refund Plaintiff the $1,891.68 in EAJA fees previously awarded in this case.

SO ORDERED.

Entered this 3rd day of September 2025.

s/ Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge
